FLYNN, J.
Defendant has petitioned for reconsideration of our decision in State v. Miller , 363 Or. 374, 422 P.3d 240 (2018), in which we held that the officer who was about to administer field sobriety tests to defendant during a lawful investigatory stop did not unlawfully extend the stop by asking if defendant was carrying a firearm because (1) the officer perceived a circumstance-specific danger and decided that an inquiry about weapons was *900 necessary to address that danger; and (2) the officer's perception and decision were objectively reasonable. Defendant correctly identifies a potential incongruity between our analysis, which listed among the circumstances giving rise to the officer's objectively reasonable perception of danger his "specific basis to believe that defendant might be carrying a gun," and the text of footnote 2 of the opinion, which emphasized that the officer's knowledge that defendant was licensed to carry a concealed handgun "plays no role in our legal analysis." Id. at 388, 377 n. 2, 422 P.3d 240.
We accordingly allow the petition for reconsideration and modify our opinion as follows:
Footnote 2 in the original opinion at page 377 is replaced with a new footnote 2:
In this case, the officer believed that defendant might be carrying a firearm after learning during the background check that defendant was licensed to carry a concealed handgun. For purposes of our legal analysis, however, it does not matter why the officer perceived a risk that defendant might be carrying a gun during field sobriety tests.
The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.