Argued and submitted July 16, affirmed August 19, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUSTIN LAGRANDE MARCELL,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR18466; A168367

473 P3d 143

Andrew M. Lavin, Judge.

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Dashiell Farewell, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for unlawful possession of a firearm, ORS 166.250. The firearm was found during a stop of a car in which defendant was in the driver's seat. The car was parked too far from the curb such that the back of the car extended into the southbound lane of traffic, and defendant was initially stopped for that reason. The stop quickly evolved from a traffic stop into an investigatory stop related to the unlawful possession of marijuana, and, when the officer asked about weapons for safety reasons, defendant gave up the gun.

The only issue raised on appeal is the denial of defendant's motion to suppress the evidence of the gun: specifically, whether the officer's inquiry about weapons comported with Article I, section 9, of the Oregon Constitution under the standard set forth in *State v. Jimenez*, 357 Or 417, 353 P3d 1227 (2015), and elaborated on in *State v. Miller*, 363 Or 374, 422 P3d 240, *adh'd to as modified on recons*, 363 Or 742, 428 P3d 899 (2018). That standard "is less demanding than the particularized reasonable suspicion that Article I, section 9, requires before the officer may *search* the citizen for weapons." *Miller*, 363 Or at 376 (emphasis in original). It allows an officer to make a weapons inquiry during a traffic or investigatory stop if the inquiry "is reasonably related to and reasonably necessary to effectuate" the officer's investigation. *Jimenez*, 357 Or at 429; *Miller*, 363 Or at 380.

In the context of a motion to suppress, to demonstrate that a weapons inquiry met that standard, "the state must 'present evidence that (1) the officer perceived a circumstance-specific danger and decided that an inquiry about weapons was necessary to address that danger; and (2) the officer's perception and decision were objectively reasonable.'" *Miller*, 363 Or at 380-81 (quoting *Jimenez*, 357 Or at 430). In the words of our Supreme Court, that test "is not a demanding one." *State v. Pichardo*, 360 Or 754, 762, 388 P3d 320 (2017).

Here, defendant acknowledges that the state's evidence satisfies the first part of the *Jimenez/Miller* test. He contends, however, that the record is inadequate to permit the conclusion that the officer's perception of danger

and question about weapons were objectively reasonable. Accepting the trial court's supported factual findings and otherwise reviewing the record in the light most favorable to the trial court's ruling, *State v. Backstrand*, 354 Or 392, 405 n 12, 313 P3d 1084 (2013), we conclude that the record is sufficient to support the trial court's ultimate conclusion that the officer's concerns and ensuing weapons inquiry were objectively reasonable under the "not *** demanding" *Jimenez/Miller* standard. *Pichardo*, 360 Or at 762. The trial court properly denied defendant's motion to suppress.

Affirmed.